McGREGOR W. SCOTT
United States Attorney
COURTNEY J. LINN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone No. (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIV-S-03-0937 FCD PAN |
| | ) | |
| Plaintiff, | ) | FINAL JUDGMENT OF FORFEITURE |
| | ) | |
| v. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 2530 ROGUE RIVER DRIVE, SACRAMENTO COUNTY, SACRAMENTO, CALIFORNIA, APN: 075-0133-006-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | ) ) ) ) ) ) ) | |
| Defendant. | ) | |
| _____ | ) ) | |
| CHASE HOME FINANCE LLC, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| WAFA BENKHADRA, HAIFAA BENKHADRA, and JAMAL BENKHADRA, | ) ) ) | |
| | ) | |
| Claimants. | ) | |
| _____ | ) | |

   Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

   1.  This is a civil forfeiture action of certain real property listed in the caption above.  The real property is more particularly

1 described in Exhibit A, attached hereto and incorporated herein by
2 reference.
3     2.  A Complaint for Forfeiture In Rem was filed on May 6,
4 2003, seeking the forfeiture of the defendant real property,
5 alleging that said property is forfeitable to the United States of
6 America pursuant to 18 U.S.C. § 981(a)(1)(A) and (a)(1)(C).
7     3.  On May 28, 2003, the defendant real property was posted
8 with a copy of the complaint and notice of complaint.
9     4.  On June 4, 2003, a Public Notice of Posting of defendant
10 property appeared by publication in The Daily Recorder, a newspaper
11 of general circulation in the county in which the defendant real
12 property is located (Sacramento County).
13     5.  In addition to the Public Notice of Posting having been
14 completed, actual notice was acknowledged by the following:
15         a. Wafa Benkhadra
16         b. Haifaa Benkhadra
17         c. Jamal Benkhadra
18         d. Cal Coast Mortgage Corp.[1]
19         e. Chase Manhattan Mortgage Corporation[2]
20     6.  Wafa Benkhadra, Haifaa Benkhadra, Jamal Benkhadra and Chase
21 Home Finance LLC have filed verified claims and answers alleging an
22 interest in the defendant real property.
23     7.  No other parties have filed claims or answers in this
24 matter and the time for which any person or entity may file a claim
25

---

26 [1] Cal Coast Mortgage Corp. sold the loan to Chase Manhattan
27 Mortgage Corporation on September 19, 2002.

28 [2] Chase Manhattan Mortgage Corporation merged into Chase Home Finance LLC effective January 1, 2005.

and answer has expired.

Based on the above findings, and the Court being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED:

8. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

9. Claimants Wafa Benkhadra, Haifaa Benkhadra, and Jamal Benkhadra agree to pay to the United States the sum of $51,000.00 within thirty (30) days of the date of entry of the Final Judgment of Forfeiture herein. Upon receipt of a cashier's check made payable to the United States Department of Treasury in the amount of $51,000.00 from claimants Wafa Benkhadra, Haifaa Benkhadra, and Jamal Benkhadra, the United States will take all necessary steps to remove the existing <u>lis pendens</u> recorded against defendant real property. Said $51,000.00 shall be substituted as the <u>res</u> herein, and shall be forfeited to the United States, to be disposed of according to law.

10. In the event the payment of $51,000.00 is not made within thirty (30) days of the date of entry of the Final Judgment of Forfeiture, as provided in paragraph 9 above, the parties agree as follows:

    a. On or after the 30th day of the date of entry of the Final Judgment of Forfeiture, the United States Department of Treasury shall list the defendant real property for sale. The United States Treasury Department shall have sole authority to handle the marketing and sale of the defendant property.

    b. The United States Treasury Department shall have the

real property appraised by a licensed appraiser of its choosing.  The United States Treasury Department and the appraiser may have access to the defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

c.  If necessary, the United States Treasury Department, and the real estate broker shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

d.  The following costs and expenses shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

    (1)  The costs incurred by the United States Department of Treasury to the date of close of escrow, including the cost of posting, advertising, and maintenance.

    (2)  To Sacramento County, any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

    (3)  To Chase Home Finance LLC, a sum to satisfy an indebtedness under the Deed of Trust recorded in the official records of Sacramento County on September 6, 2002, in the original amount of $180,000.00 plus all unpaid interest at the contractual (not default) rate, plus any advances and costs incurred by Chase Home Finance LLC up to the date of the payoff of the loan, including, but not limited to any

```
                        insurance advances, tax advances, and property
                        preservation costs.
                (4)     The costs of obtaining standard California Land
                        Title Association (CLTA) policy of title
                        insurance, shall be paid for by the seller.
                (5)     The seller shall pay any county transfer taxes.
                (6)     To the United States of America, the sum of
                        $51,000.00.  This sum shall be substituted as
                        the res in this forfeiture action, and shall be
                        forfeited to the United States, to be disposed
                        of according to law.
                (7)     To claimants Wafa Benkhadra, Haifaa Benkhadra,
                        and Jamal Benkhadra, all amounts remaining after
                        the above disbursements.
                (8)     The costs of obtaining financing, including but
                        not limited to "points," shall be paid by the
                        buyer of defendant property.
        e.      Any liens or encumbrances against the defendant real
        property that appear on record subsequent to the recording
        of plaintiff's lis pendens on May 7, 2003, and prior to
        entry of the Final Judgment of Forfeiture herein may be
        paid out of escrow.  The full amount paid under this
        provision shall be deducted from the amount to be paid out
        of escrow to claimants Wafa Benkhadra, Haifaa Benkhadra,
        and Jamal Benkhadra pursuant to ¶ 10(d)(7), above.
        f.      The costs of a lender's policy of title insurance
        (ALTA policy) shall be paid for by the buyer.
        g.      Each party to this stipulation shall execute all
```

5

     documents necessary to close escrow, if such signatures
     are required by the title insurer.

11.  All parties to this stipulation hereby release plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the arrest, forfeiture, or sale, of defendant property.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, forfeiture, or sale, as well as to those now known or disclosed. The parties to this stipulation waive the provisions of California Civil Code §1542.

12.  Claimants Wafa Benkhadra, Haifaa Benkhadra, and Jamal Benkhadra shall maintain the defendant property in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until they have paid the $51,000.00 payment, or vacated the premises.  The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

13.  Until they have paid the $51,000.00 payment, claimants Wafa Benkhadra, Haifaa Benkhadra, and Jamal Benkhadra shall maintain all mortgage payments and insurance policies currently in effect

with respect to the property, including policies covering liability to persons injured on said property and for property damage to the defendant real property.  Claimants shall arrange for the inclusion of a rider to all of the above-mentioned policies naming the United States Department of Treasury as the primary beneficiary of the insurance policy.

14.  Until they have paid the $51,000.00, claimants shall allow the United States Department of Treasury personnel, or its agent, the right to enter and inspect the property and all buildings thereon on a monthly basis upon 24 hours telephonic notice.

15.  Until claimants have paid the $51,000.00 in full, claimants Wafa Benkhadra, Haifaa Benkhadra, and Jamal Benkhadra shall not convey, transfer, encumber, lien, or otherwise pledge defendant real property without the prior, written approval of the United States.

16.  Claimants Wafa Benkhadra, Haifaa Benkhadra, and Jamal Benkhadra shall vacate the defendant real property within thirty (30) days of their receipt of notice that the defendant real property has been placed on the market.  Claimants further shall remove all of their personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and to leave the property clean and in the same state of repair as the property was on the date it was posted. Any and all of claimants' personal possessions, and the personal possessions of any former occupant, not removed within thirty (30) days of their receipt of notice that defendant real property has been placed on the market will be disposed of by the United States without further notice.  Any cost incurred by the United States to

evict claimants or for disposal of possessions not timely removed from the defendant property as set forth herein shall be deducted from the amount to be paid out of escrow to claimants pursuant to ¶ 10(d)(7) above.

17. There was reasonable cause for the posting of the defendant property, and the Court will enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

18. All parties are to bear their own costs and attorneys' fees, except as provided for herein.

19. For purposes of this action only, Wafa Benkhadra, Haifaa Benkhadra, and Jamal Benkhadra stipulate that a factual basis exists for the forfeiture of the defendant real property. However, nothing in this Stipulation shall be construed as an admission of wrongdoing in the parallel federal criminal case, <u>United States v. Hiafaa Benkadra, et al.</u>, Cr. No. S-03-0348.

SO ORDERED THIS 12th day of May, 2005.

/s/ Frank C. Damrell Jr.  
FRANK C. DAMRELL, JR.  
United States District Judge

CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of the defendant real property.

DATED: May 12, 2005    /s/ Frank C. Damrell Jr.  
FRANK C. DAMRELL, JR.  
United States District Judge

EXHIBIT A
(2530 Rogue River Drive, Sacramento, CA 95826)

All that certain real property situated, lying and being in the County of Sacramento, State of California, described as follows:

LOT 274 AS SHOWN ON THE MAP ENTITLED "LARCHMONT RIVIERA UNIT NO. 3", RECORDED MARCH 10, 1964, IN BOOK 73 OF MAPS, MAP NO. 34.

EXCEPTING THEREFROM ALL MINERALS, OIL, GAS AND OTHER HYDROCARBON SUBSTANCES WITHIN OR UNDERLYING SAID LAND, WHETHER NOW KNOWN TO EXIST OR HEREAFTER DISCOVERED PROVIDED, HOWEVER, THE GRANTORS SHALL NOT HAVE THE RIGHT TO THE USE OF THE SURFACE OF SAID LAND OR ANY OTHER PORTION THEREOF ABOVE THE DEPTH OF 100 FEET FOR THE PRODUCTION, DEVELOPMENT OR EXTRACTION OF SAID SUBSTANCES, SUBJECT TO THE FOREGOING LIMITATION ONLY, GRANTORS DO FURTHER EXPRESSLY EXCEPT AND RESERVE AN EASEMENT AND RIGHT OF INGRESS AND EGRESS UNDER AND THROUGH THE SUB-SURFACE OF THE LANDS HEREIN ABOVE DESCRIBED AT A DEPTH BELOW 100 FEET FOR THE PURPOSE OF EXPLORING, MINING, DRILLING, PRODUCING, EXTRACTING AND REMOVING THE SAID SUBSTANCES, OR EITHER OR ANY OF THEM FROM THE SAID SUB-SURFACE BELOW A DEPTH OF 100 FEET UNDERLYING THE ABOVE DESCRIBED LANDS AND FROM THE SUB-SURFACE OF OTHER LANDS IN THE VICINITY OF THE ABOVE DESCRIBED LANDS.

APN: 075-0133-006-0000